UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL JEROME HATCHETT,<br><br>Petitioner,<br><br>v.<br><br>KEN CLARK, et al.,<br><br>Respondent. | No.  2:20-cv-1524 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted the review required under Rule 4.

    In his amended petition, petitioner challenges a Sacramento County conviction for indecent exposure.  Petitioner pled guilty.

    Petitioner asserts that his conviction was the result of a "wardrobe malfunction" because the clothes he was wearing, which were issued to him at Folsom State Prison, were too large.  He planned on using the large clothing as exhibits at trial, but the clothes were either destroyed or lost by "the government" prior to trial.  Petitioner asserts that if the clothes had not been lost or destroyed, he would have proceeded to trial.

With respect to a guilty plea, and the resulting sentence, claims which do not concern whether the prisoner entered his plea voluntarily and intelligently are rarely cognizable in any federal habeas action.  See Boykin v. Alabama, 395 U.S. 238, 242 (1969). This is because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

As indicated above, petitioner was aware of the destruction of his clothing before he pled guilty.  That being the case, pursuant to Tollett, petitioner gave up any claim premised upon the destruction of his clothing when he pled guilty.  Therefore, the court will recommend that petitioner's amended petition for writ of habeas corpus be summarily dismissed and this case be closed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 7) be summarily dismissed; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hatc1524.114

3